UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| FOREMOST INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DAVID TAYLOR and DANA J. RUZICKA, )<br>)<br>Defendants. ) | No.: |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the plaintiff, FOREMOST INSURANCE COMPANY GRAND RAPIDS, MICHIGAN, ("Foremost"), by and through its attorneys, William K. McVisk and David J. Rock of Johnson & Bell, Ltd., and for its Complaint for Declaratory Judgment against the defendants, DAVID TAYLOR and DANA J. RUZICKA, as a necessary party, alleges the following:

### THE PARTIES

1. At all relevant times hereto, Foremost was and is an insurance company incorporated in Michigan, with its principal place of business also in Michigan. Foremost is licensed to and does transact business in the State of Illinois.

2. David Taylor is an individual who is a citizen of and is domiciled in Madison County, Illinois.

3. Dana J. Ruzicka is named herein as a necessary party, as the underlying plaintiff in a lawsuit against David Taylor, captioned *Ruzicka v. Taylor*, Case No. 2017 L 001343, pending in the Circuit Court of Madison County, Illinois (the "Ruzicka Lawsuit"). A copy of the Ruzicka Lawsuit is attached hereto as **Exhibit A**. Ruzicka is an individual who is a citizen of and is domiciled in Illinois.

## JURISDICTION AND VENUE

4. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship among the parties and the amount in controversy, without interest and costs, exceeds $75,000.

5. Venue is proper in the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1391, as all parties are subject to personal jurisdiction in this district.

## NATURE OF THE ACTION

6. This declaratory judgment action is brought pursuant to 28 U.S.C. § 2201, and involves the respective rights and duties between the parties with regard to a policy of insurance that Foremost issued to Laef Taylor (who is not a party to this action). The policy of insurance, a "Dwelling Fire One Owner Occupied Policy", Policy No. 0091387342, which was effective for the policy period of July 5, 2016 to July 5, 2017 (the "Foremost Policy"), is attached hereto as **Exhibit B**.

7. Foremost seeks a declaration that the Foremost Policy does not provide coverage for David Taylor in the Ruzicka Lawsuit.

## FACTUAL BACKGROUND

8. The Ruzicka Lawsuit alleges that on November 7, 2016, David Taylor was the owner of and controlled a camper located at 4 Michael Hamburg Hollow Road, Michael, Illinois. (See Ex. A at ¶ 1.)

9. The Ruzicka Lawsuit alleges Ruzicka had previously resided in the camper, and came to the camper to retrieve her personal property, including an American flag. (*Id.* at ¶ 3-4.)

10. The Ruzicka Lawsuit alleges that while on the property, Ruzicka was struck with a baseball bat by Lydia Taylor Hartle, causing serious injuries. (*Id*. at ¶ 4.)

11. The Ruzicka Lawsuit alleges that David Taylor knew or should have known of the dangerous propensities of Lydia Taylor Hartle. (*Id*. at ¶ 5.)

12. The Ruzicka Lawsuit alleges that David Taylor was negligent in several ways, including: (a) failing to warn of the danger of an attack; (b) failing to warn of the dangerous propensities of Lydia Taylor Hartle; (c) improperly controlling the aforesaid premises; (d) failing to control Lydia Taylor Hartle; (e) failing to supervise Lydia Taylor Hartle; and (f) failing to otherwise protect Ruzicka from being attacked. (*Id*. at ¶ 6a – 6f.)

13. The Ruzicka Lawsuit alleges that Ruzicka was injured as a result of the acts and omissions of David Taylor. (*Id*. at ¶¶ 7-8.)

### **THE FOREMOST POLICY**

14. The Foremost Policy names Laef Taylor as a Named Insured. (Ex. B at 1.)

15. The Foremost Policy, as amended by Endorsement, also provides the following:

Name and Address of Additional Named Insured:

ALMEADA TAYLOR ESTATE
RR 1 BOX 4
MICHAEL IL 62065-9500

\*   \*   \*

INSURING AGREEMENT

The following is also added to the Insuring Agreement:

You, your and yours also means the additional person(s) or organization named on this Additional Named Insured endorsement.

You, your and yours also means any family member of the person or persons named on this Additional Named Insured endorsement.

(*Id*. at 3.)

16. The Declaration Page of the Foremost Policy states the Premises Description is:

> Michael Hollow Rd.
> Micheal IL 62065

(*Id*. at 1.) The property is located in Calhoun County, Illinois. (*Id*.)

17. The Foremost Policy defines "Family member" to means "a person who resides in your household and is related to you by blood, marriage, civil union recognized under Illinois law or adoption who is a resident of your household. This includes a ward or foster child." (*Id*. at 29.)

18. The Foremost Policy provides the following insuring agreement:

> Coverage F – Personal Liability
>
> If a claim is made or a suit is brought against you for damages because of bodily injury or property damage caused by an accident, we will:
>
> 1. Pay up to the Limit of Liability shown on the Declarations Page for the damages for which you are legally liable; and
> 2. Provide a defense at our expense by attorneys of our choice.
>
> We may make any investigations and settle any claims or suits that we decide appropriate. Our obligation to defend any claim or suit ends when the amount we pay in settlement or judgment equals the Limit of Liability. Coverage F – Personal Liability applies to bodily injury and property damage only if the bodily injury or property damage occurs during the Policy Period shown on the Declarations Page.

(*Id*. at 30.)

19. The Foremost Policy contains the following exclusion:

> SECTION II – Exclusions
> Coverage F – Personal Liability
> Coverage G – Medical Payments To Others
>
> We will not pay for bodily injury or property damage:
>
> 1. Resulting from any act or omission that is intended by any of you to cause any harm or that any of you could reasonably expect to cause harm. This exclusion applies whether or not any of you:

> a. Intended or expected the result of his or her act or omission so long as the resulting injury or damage was a natural or foreseeable consequence of the intended act or omission;
> b. Was under the influence of alcohol or narcotics;
> c. Was insane; or
> d. Is deemed not to have had the mental capacity to form the legal intent to commit the act or omission causing injury or damage.
>
> This exclusion does not apply to bodily injury resulting from the use of reasonable force to protect persons or property.

(Id. at 18.) This exclusion is referred to throughout this Complaint as the "Intentional Acts" exclusion.

## ACTION FOR DECLARATORY JUDGMENT

20. The Ruzicka Lawsuit alleges bodily injury to Dana J. Ruzicka arising out of negligence of David Taylor.

21. David Taylor does not reside at the insured premises at Michael Hollow Rd. in Michael, Illinois.

22. David Taylor does not reside with Laef Taylor or any other named insured on the Foremost Policy.

23. The "Coverage F – Personal Liability" insuring agreement does not apply to David Taylor because he is not a named insured or a "family member" as defined by the Foremost Policy.

24. The "Intentional Acts" exclusion of the Foremost Policy also precludes coverage for David Taylor for the Ruzicka Lawsuit.

25. Foremost is not obligated to defend or indemnify David Taylor in the Ruzicka Lawsuit.

5

26. On information and belief, David Taylor and/or Ruzicka dispute that Foremost has no duty to defend or indemnify David Taylor in the Ruzicka Lawsuit.

27. By reason of the foregoing, an actual and justiciable controversy exists between the parties, which may be determined by a judgment or order of this Court, and pursuant to the terms of 28 U.S.C. § 2201, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policy of insurance referred to herein and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce its judgment.

WHEREFORE, the Plaintiff, FOREMOST INSURANCE COMPANY, requests that this Honorable Court enter judgment finding and declaring the rights of the parties as follows:

  a. No coverage is available under the Foremost Policy for David Taylor;

  b. Foremost has no duty to defend David Taylor for the Ruzicka Lawsuit;

  c. Foremost has no duty to indemnify David Taylor for the Ruzicka Lawsuit and

  d. For any and all other relief this court deems just and proper.

Respectfully submitted,
FOREMOST INSURANCE COMPANY

By: *David J. Rock*
One of its attorneys

William K. McVisk – ARDC No. 1871307
mcviskw@jbltd.com
David J. Rock
rockd@jbltd.com – ARDC No. 6306845
Johnson & Bell, Ltd.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 984-0229 (McVisk)
(312) 984-0225 (Rock)
Attorneys for FOREMOST INSURANCE COMPANY